**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jonathan Michael Ploof,<br><br>        Petitioner,<br><br>vs.<br><br>Charles Ryan, et al.,<br><br>        Respondents. | No. CV 09-1538-PHX-DGC<br><br>**ORDER** |

Jonathan Michael Ploof petitions for a writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1. For the reasons stated below, the Court will deny the petition.

**I.    Background.**

On April 19, 2005, Petitioner Jonathan Michael Ploof, a former supervisor with the Corrections Corporation of America, was convicted in Arizona Superior Court for Pinal County of three counts of child molestation, one count of attempted child molestation, and one count of sexual conduct with a minor. Doc. 1-2 at 2. Petitioner's prison sentences amount to 43 consecutive years of incarceration. *Id.*; Doc. 17 at 8. Petitioner filed a direct appeal to the Arizona Court of Appeals and the court affirmed the conviction. Doc. 1-3 at 70-96. Ploof's petition for review to the Supreme Court of Arizona was summarily denied, although the Court depublished the Court of Appeals opinion. Doc. 1-4 at 16. Having ended the direct appeal process, Petitioner filed for post-conviction relief ("PCR") with the trial court and was denied relief. *Id.* at 60. Petitioner then sought review in the Arizona Court of Appeals, review was granted, but relief was denied. *Id.* at 85-94. The Arizona Supreme Court summarily denied subsequent review. *Id.* at 110.

Petitioner then filed for habeas relief in this Court pursuant to 28 U.S.C. § 2254, and is represented by attorney Thomas J. Phalen. Doc. 1. Respondents filed an answer opposing habeas relief and sought dismissal with prejudice. Doc. 13. Petitioner filed a reply. Doc. 16. Magistrate Judge Michelle H. Burns filed a Report and Recommendation ("R&R") that the petition be dismissed with prejudice and that leave to appeal *in forma pauperis* be denied. Doc. 17. Petitioner has filed an objection. Doc. 20. Petitioner requests, in the alternative, that he be given an evidentiary hearing or an opportunity to accept the original plea offer that had been made by the prosecution before trial. *Id.*

**II.   Discussion.**

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge in a habeas case. *See* 28 U.S.C. § 636(b)(1). The Court must undertake *de novo* review of those portions of the R&R to which specific objections are made. *See* § 636(b)(1)(C); Fed. R. Civ. P. 72(b); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). The Court will address each of Petitioner's objections. Because the R&R (Doc. 17) and Petitioner's Objection (Doc. 20) are extensive, the Court will recount facts and arguments only as necessary to resolve the issues before it.

   **A.   Objection to Recitation of Facts.**

Petitioner argues the R&R failed to address in its recitation of facts that: the State's initial investigation "did not disclose any criminal acts"; the accounts of each of the three independent victims – J.H., S.R., and S.T. – were "wildly variable," meaning that each made certain statements to investigators and others that were inconsistent with or different from prior statements; J.H.'s mother continued to work with Petitioner after the initial investigation and did not contact investigators to ascertain progress for over two years; J.H. continued to visit Petitioner's residence as a babysitter for J.H.'s daughter even after the first couple of incidents of molestation took place; and the prosecution's concession before trial that each individual case would be weak standing alone. Doc. 20 at 2-5 (citation omitted). Petitioner asserts that these facts were relevant to the trial court's decision to join the charges

- 2 -

(*see, e.g.*, *id.* at 2:25-27), a decision that Petitioner challenges separately. Although the R&R did refer to some of these facts expressly (*see, e.g.*, Doc. 17 at 3-4, 4:16), other facts were not expressly recited. Petitioner cites no law for the proposition that all facts in a case must be expressly recited by an R&R, and points to no fact that is recited by Judge Burns that contradicts Petitioner's facts. Therefore, the Court will accept the R&R's recitation of facts. The Court will also, however, take notice of Petitioner's facts when addressing the objection regarding joinder, to the extent they are relevant to the issue.

### B. Claim 1: Ineffective Assistance of Trial Counsel Under the Fourteenth Amendment to the United States Constitution.

The R&R reached the merits of this claim, thereby necessarily finding that Petitioner exhausted the claim in state proceedings and that the claim was not procedurally barred from habeas review. *See* Doc. 17 at 55-76. The R&R recommended that the claim be denied because the State court's application of federal law – i.e., *Strickland v. Washington*, 466 U.S. 668 (1984), and its progeny – was not unreasonable. *Id.* at 57. *Strickland* held that a defendant must show both that counsel's performance fell below an objective standard of reasonable performance and that counsel's error prejudiced defendant. 466 U.S. at 687-88. The R&R's findings with respect to the five grounds for ineffective assistance raised by Petitioner are discussed below.

#### 1. Trial counsel's failure to object when the trial court admitted certain "other act" evidence without making the specific findings required by Arizona Rule of Evidence 404(c)(1)(D).

The R&R determined that the Arizona Court of Appeals reasonably applied *Strickland* when it held that Petitioner did not establish prejudice because the outcome would not have been different had Petitioner's trial counsel objected. Doc. 17 at 61. Petitioner objects by noting that the R&R merely adopted the State court's assumption that failure to issue specific findings is not reversible error independent of outcome. Petitioner also argues that there is no reason to believe that the trial court would have made those findings had an objection been raised, a failure that would have resulted in reversible error. *See* Doc. 20 at 22. Petitioner's position appears to be that the failure of trial counsel to object deprived

1 Petitioner of later claiming reversible error when the judge would have overruled the
2 objection.

3 The Court of Appeals determined the record contains sufficient facts from which the
4 trial judge could have made the more specific findings required by Rule 404(c)(1)(D), and
5 that such findings would have supported the judge's ruling. Doc. 1-3 at 80. The R&R notes
6 this conclusion. Doc. 17 at 60. Petitioner cites no federal or Arizona law for the proposition
7 that failure to make specific findings under Rule 404(c)(1)(D) is reversible error if such
8 findings could reasonably have been made under the facts of the case. As such, there is
9 nothing to suggest that if counsel objected and the trial court overruled the objection, the trial
10 court's action would have been anything more than harmless error. Accordingly, the Court
11 will decline relief on this ground.

12/13/14 **2. Trial counsel's failure to object when (a) prosecution witnesses testified to two prior acts that were outside the scope of the court's ruling regarding which "other act" evidence is admissible, and (b) the trial court did not list these acts in its limiting instruction to the jury.**

15 The R&R determined that Petitioner is not entitled to relief on this ground because the
16 appellate court reasonably found counsel's performance to be non-deficient and non-
17 prejudicial. Doc. 17 at 61-64. Petitioner objects to the finding of non-deficient performance,
18 but does not challenge the prejudice determination other than to allege conclusorily that
19 "[t]his was unproved, uncharged, evidence of the most prejudicial kind." Doc. 20 at 25:13-
20 15. Even if counsel's performance was deficient *arguendo*, Petitioner has failed to carry his
21 burden of showing prejudice. Accordingly, the Court will decline relief on this ground.

22/23 **3. Trial counsel's failure to request a jury instruction defining "clear and convincing evidence," a term that appeared in the trial court's limiting instruction.**

24 The R&R determined that Petitioner is not entitled to relief on this ground because the
25 appellate court reasonably found counsel's performance to be non-deficient. Doc. 17 at 65.
26 Petitioner objects by noting that the appellate court did not actually hold counsel's
27 performance to be non-deficient. Doc. 20 at 27. Although the appellate court did use the
28 words "[e]ven assuming, without deciding, that counsel should have requested an additional

- 4 -

1  instruction defining the terms," as both the R&R and Petitioner correctly quote (Doc. 20 at
2  27:8-10; Doc. 17 at 65:19-20), the appellate court also stated in the previous sentence: "we
3  are not persuaded counsel performed deficiently by failing to request the instruction" – a
4  statement that the R&R quoted (Doc. 17 at 65:18). The R&R was correct in its reading of
5  the appellate holding. Petitioner has failed to show that the appellate holding was
6  unreasonable. Accordingly, the Court will decline relief on this ground.

        **4.    Trial counsel's failure to object to the trial court's jury instruction regarding reasonable doubt.**

9   The R&R determined that Petitioner is not entitled to relief on this ground. Doc. 17
10  at 66. The appellate court concluded that counsel's performance was not deficient because
11  the Arizona Supreme Court had previously held the language of the jury instruction at issue
12  here was acceptable. Because the trial court did not have the authority to overrule the
13  Arizona Supreme Court, trial counsel's failure to object was not deficient in the appellate
14  court's view. *Id.* The R&R found this conclusion reasonable. *Id.* Petitioner objects by
15  arguing that this conclusion was not a resolution of the federal requirements for reasonable-
16  doubt instructions. Doc. 20 at 28-29.

17  The instruction at issue was found by the Arizona Supreme Court to comply with
18  federal constitutional requirements. *See State v. Portillo*, 898 P.2d 974, 972 (Ariz. 1995).
19  Petitioner offers no authority for the proposition that the Arizona Supreme Court's
20  interpretation of federal law is not binding on Arizona's lower courts, and attorneys cannot
21  be required to engage in futile objections. *Wildman v. Johnson*, 261 F.3d 832, 840 (9th Cir.
22  2001).

23  Moreover, in *United States v. Velasquez*, 980 F.2d 1275 (9th Cir. 1992), a case where
24  the trial court overruled defense counsel's objection to a jury instruction containing "firmly
25  convinced" language, the Ninth Circuit concluded that "[c]onsidering the instruction given
26  as a whole, the use of 'firmly convinced' language did not indicate to the jury that the
27  prosecutor had a lesser burden than that implied by the use of the term 'reasonable doubt'
28  standing alone." *Id.* at 1278. In light of *Velasquez*, Petitioner has not shown that an

- 5 -

independent analysis by the Arizona Court of Appeals would have led to a different result. Accordingly, the Court will decline relief on this ground.

### 5. Trial counsel's failure to provide adequate advice regarding the State's plea offer.

The appellate court found that defense counsel's presentation of the State's plea offer was not deficient, and the R&R concluded that the record reasonably supports this conclusion. Doc. 17 at 74. Petitioner objects by arguing that "[t]he record is barren of any indication that counsel fully, effectively and competently communicated the plea offer." Doc. 20 at 29. Petitioner further asserts that he is entitled to an evidentiary hearing to prove the facts of his claim. *Id.* at 31.

"To obtain an evidentiary hearing in district court, a habeas petitioner must, in addition to showing diligence in state court, allege a colorable claim for relief." *West v. Ryan*, 608 F.3d 477, 485 (9th Cir. 2010). The R&R determined that Petitioner raised the ineffective assistance claim in state court and requested an evidentiary hearing. Doc. 17 at 72. Petitioner therefore has shown sufficient diligence. The remaining question is whether Petitioner alleges a colorable claim for habeas relief. The Supreme Court has explained the high showing needed for such relief: "[Petitioner] must do more than show that he would have satisfied *Strickland*'s test if his claim were being analyzed in the first instance, because under § 2254(d)(1), it is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied *Strickland* incorrectly. Rather, he must show that the [state court] applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Bell v. Cone*, 535 U.S. 685, 698-99 (2002) (citation omitted); *see also Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2002) ("Under § 2254(d)'s 'unreasonable application' clause, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied *Strickland* incorrectly. Rather, it is the habeas applicant's burden to show that the state court applied *Strickland* to the facts of his case in an objectively unreasonable manner.") (citation omitted).

In habeas petitions for plea-stage ineffective assistance of counsel, courts apply the

1 two-part *Strickland* test discussed above. *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985).
2 Under the prejudice prong, courts "do not ask what a defendant might have done had he
3 benefitted from clairvoyant counsel." *Weaver v. Palmateer*, 455 F.3d 958, 966 (9th Cir.
4 2006). Instead, courts consider "whether there is a reasonable probability that [defendant]
5 would have proceeded to trial had he been given proper advice from counsel." *Id.*

6 Petitioner does not dispute that he rejected the State's plea offer, nor that he was told
7 of the offer's terms before he rejected it. Doc. 20 at 29-36. Petitioner instead argues that he
8 was denied effective assistance because his trial attorney did not explain the plea offer well
9 enough for Petitioner to understand and accept the plea. *Id*. The Arizona Court of Appeals
10 held that Petitioner failed to established prejudice. Doc. 17 at 73. The Court concludes that
11 this was not an objectively unreasonable application of *Strickland* to the facts of this case.

12 The record shows that the prosecutor made a plea offer in correspondence with
13 Petitioner's defense counsel, that defense counsel requested and received additional time for
14 Petitioner to consider the offer, and that defense counsel forwarded the offer letter to
15 Petitioner and invited discussion. *Id*. at 75. On July 23, 2004, Petitioner attended a hearing
16 before the trial court where the prosecutor explained the plea offer in its entirety on the
17 record and stated that Petitioner had declined the offer. *Id*. at 69. The trial court then asked
18 defense counsel if he had discussed the offer with Petitioner "in detail." *Id*. Defense counsel
19 responded: "Yes, we've discussed the offer, Judge, and the consequences if he goes to trial."
20 *Id*. When asked to confirm that he and Petitioner had discussed the potential sentence
21 Petitioner could receive if convicted at trial, defense counsel said he and Petitioner had
22 discussed that subject "on several occasions." *Id*. Defense counsel then confirmed that
23 Petitioner was rejecting the plea offer. *Id*. Petitioner was present for this entire exchange
24 and made no objection. Nor did he raise the issue of a plea bargain during the ensuing seven
25 months before trial. *Id.*

26 Given these facts, Petitioner has not made a colorable showing that the state court
27 "applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Bell*, 535
28 U.S. at 699. Although Petitioner argues that his trial attorney did not explain the plea offer

- 7 -

1  well enough for Petitioner to accept the offer, Petitioner fails to explain what his trial counsel
2  should have done differently.  Given the unambiguous record that Petitioner heard the plea
3  explained in clear terms before the trial court, that his lawyer discussed the plea and its
4  consequences with him "in detail" "on several occasions," and that defense counsel and
5  Petitioner discussed the possible sentences Petitioner might receive if convicted, Petitioner's
6  generalized complaint of insufficient explanation does not rise to the level of a colorable
7  claim for habeas relief.  More than generalized complaints are required to obtain an
8  evidentiary hearing, particularly in light of a clear record like the one in this case.

9  Petitioner also appears to argue that no rational person would turn down the plea
10 offered in this case unless he was poorly advised.  Petitioner asserts that the plea offer
11 "provided for a maximum sentence considerably lesser than the sentence he is presently
12 serving in prison."  Doc. 30 at 33.  The record confirms that the State's offer stipulated to
13 lifetime probation for a guilty plea on Count V.  Doc. 13-5 at 46:13.  Petitioner's current
14 prison sentence for Count V is ten years.  Doc. 17 at 8.  The record also shows, however, that
15 the State's offer could have resulted in a total sentence of 30 years on Counts 1 and 3.
16 Doc. 17 at 2; Doc. 13-5 at 46.  Petitioner's current prison sentence is 43 years.  Doc. 1-2 at
17 2; Doc. 17 at 8.  The Court cannot conclude that the difference between 30 and 43 years is
18 so great that Petitioner plainly would have accepted the plea if he had received effective
19 assistance of counsel, particularly given his steadfast insistence at trial and sentencing that
20 he was innocent and should serve no prison time.  *See* Doc. 17 at 77.  The Court will deny
21 relief on this claim.

**C.  Claim 2: Deprivation of the Right to Fair Trial Under the Fourteenth Amendment.**

24 Petitioner argues that the trial court deprived him of due process under the Fourteenth
25 Amendment by: (1) allowing the prosecution to introduce evidence of four prior acts,
26 involving two of the existing victims, that did not involve physical molestation; (2) not
27 striking, sua sponte, testimony involving two additional prior acts involving victim J.H.; and
28 (3) failing to make specific findings as required by Arizona Rule of Evidence 404(c).  The

- 8 -

1  R&R determined that Petitioner procedurally defaulted the Fourteenth Amendment Due
2  Process argument because he did not fairly present it in state courts, and that therefore he did
3  not exhaust part of his claim. Doc. 17 at 28-29. The R&R also determined that Petitioner's
4  default cannot be excused because he does not meet the "cause and prejudice" test and cannot
5  show that a miscarriage of justice would result from applying the procedural default rule.
6  Doc. 17 and 29-30. Petitioner objects by arguing that he did clearly present his Fourteenth
7  Amendment Due Process claim to state courts, as well as by asserting that the procedural rule
8  under which he is deemed defaulted is not adequate under federal law to bar petitioner from
9  raising a Fourteenth Amendment challenge on habeas review. Doc. 20 at 6-14.

10 On direct appeal from his conviction in trial court, Petitioner filed an opening brief
11 that asserted, in the caption of his first claim, a violation of his Fourteenth Amendment Due
12 Process rights when the trial court admitted certain testimony that Petitioner labeled
13 "irrelevant and prejudicial." Doc. 1-3 at 19. The body of the argument proceeded to show
14 how admission of the various testimonial evidence violated the Arizona Rules of Evidence.
15 *Id.* at 19-26. In denying relief, the Arizona Court of Appeals held that Petitioner abandoned
16 his due process argument by failing to raise it in the trial court or develop it in his opening
17 brief. Doc. 1-3 at 73 n.1.

18 The Court will assume *arguendo* that exhaustion and fair presentation of a version of
19 the Fourteenth Amendment argument occurred here. *See Baldwin v. Reese*, 541 U.S. 27, 32
20 (2004) ("A litigant wishing to raise a federal issue can easily indicate the federal law basis
21 for his claim in a state-court petition or brief, for example, by citing in conjunction with the
22 claim the federal source of law on which he relies or a case deciding such a claim on federal
23 grounds, *or by simply labeling the claim 'federal.'*" (emphasis added)). Unlike *Baldwin*, a
24 case where the petitioner did not label his claim as a federal claim and state courts did not
25 address the federal claim at all, Petitioner here presented the due process claim on appeal and
26 captioned it as being made under the Fourteenth Amendment. Doc. 1-3 at 19. Reading the
27 caption together with the body of his argument, however, the crux of Petitioner's claim on
28 direct appeal appeared to be that the admission of various testimonial evidence in violation

- 9 -

1 of state rules of evidence violated federal due process. *See id.* Although Petitioner argued that the trial court violated state rules of evidence, he did not develop the argument of why this violation infringed his federal due process right. As such, Petitioner's position appeared to be that the violation of state rules *per se* violated due process, not that the admission of the evidence itself violated due process. *See id.* at 19-26.

In reviewing Petitioner's argument on Arizona's rules of evidence, the Court of Appeals held that the admission of evidence was not erroneous for the most part. Doc. 1-3 at 73-83. With regard to one aspect, namely the trial judge's failure to make findings regarding two acts to the level of specificity required by Arizona Rule of Evidence 404(c)(1)(D), the court deemed the error harmless and non-prejudicial. Doc. 1-3 at 79-80. The court determined that the record contained sufficient facts from which the trial judge could have made the more specific findings, and that such findings supported the judge's ruling to admit the evidence. *Id.* at 80. The appeals court also concluded, in a footnote, that the federal claim was waived and abandoned because it was not raised in the trial court and was not developed in the opening brief. Doc. 1-3 at 73 n.1.

This Court need not decide whether the appeals court correctly deemed Petitioner's federal claim waived and abandoned. To the extent Petitioner made a federal due process claim necessarily tied to alleged violations of state rules of evidence, such a claim necessarily failed when the appeals court decided that state rules were either not violated or that any errors were harmless and non-prejudicial. In this Court, Petitioner makes arguments that, in part, are different from those made in his direct appeal. Petitioner has not shown that he exhausted these arguments by timely presenting them in state court. *See Picard v. Connor*, 404 U.S. 270, 276 (1971) ("we have required a state prisoner to present the state courts with the same claim he urges upon the federal courts" (citation omitted)); *cf. Castillo v. McFadden*, 399 F.3d 993, 1003 (9th Cir. 2005) ("Exhaustion demands more than drive-by citation, detached from any articulation of an underlying federal legal theory.")

The Court finds that Petitioner is not entitled to habeas relief on this claim.

### D. Claim 3: Lack of Due Process Under the Fourteenth Amendment for Deficient Jury Instruction.

Petitioner argues that he was denied due process when the trial judge failed to instruct the jury sua sponte on the meaning of "clear and convincing evidence" in considering other-acts evidence. The R&R determined that Petitioner is not entitled to relief because the jury instruction worked to Petitioner's benefit. Doc. 17 at 33. Petitioner objects that this determination is factually unreasonable and contrary to law. Doc. 20 at 41.

Petitioner does not dispute that the jury instruction reviewed by the R&R stated, "[y]ou must not consider these acts to determine the defendant's character or character trait, or determine that the defendant acted in conformity with the defendant's character or character trait and therefore committed the charged offense." Doc. 17 at 33; Doc. 20 at 41. Petitioner also does not dispute that "[t]he jury was instructed that it could consider the other acts evidence only if it found that it had been proved by clear and convincing evidence." Doc. 20 at 38, 39. Instead, Petitioner cites to *State v. Aguilar*, 97 P.3d 865, 874 n.11 (Ariz. 2004), for the proposition that a trial court must instruct the jury that it may not convict simply because it finds that the defendant "committed the other act or had a character trait that predisposed him to commit the crime charged."

Petitioner takes issue with the characterization that he benefitted from the actual instruction, and asserts that "the omission of a clear and convincing instruction lowered the state's burden of proof on the crimes charged." Doc. 20 at 42. *Aguilar* did not require specific instruction language, and Petitioner does not show how the actual instruction runs afoul of *Aguilar*'s guidance. Although Petitioner conclusorily asserts that "[t]he jury was thus given unfettered leave to convict [Petitioner] because he was 'the kind of guy' who would commit the crimes charged" (Doc. 20 at 41), this assertion is at odds with the plain language of the jury instruction given in this case. The Court will adopt the R&R's recommendation and decline relief on this claim.

**E.   Claim 4: Lack of Due Process Under the Fourteenth Amendment for Denying Severance of Charges.**

Petitioner argues that he was deprived of due process when the trial court denied his motion to sever the counts. The R&R determined that Petitioner procedurally defaulted on the Fourteenth Amendment portion of the claim, and that the state-law portion of the claim is not cognizable on habeas review. Doc. 17 at 37. Petitioner does not make a specific objection to this determination, but rather reasserts his due process argument. Doc. 20 at 43-47. Because Petitioner does not specifically object, the Court will adopt the R&R's findings of fact and conclusions of law and deny relief on this claim.

**F.   Claim 5: Denial of Liberty Interest and Denial of Right to Notice of Charges Under the Fourteenth Amendment.**

Petitioner argues that he was deprived of federal due process and also deprived of his Fourteenth Amendment liberty interest by the trial judge permitting the prosecution to amend the indictment to allege different dates for the two offenses as to victim S.R. – Counts 4 and 5. The R&R determined that Petitioner is not entitled to habeas relief on his procedural due process claim because the Grand Jury clause of the Fifth Amendment has not been incorporated against the States. Doc. 17 at 39-40. The R&R further determined that Petitioner failed to exhaust his liberty-interest claim.[1] *Id.* at 40. Petitioner does not make a specific objection to this determination, but rather reasserts his due process and liberty-interest arguments. Doc. 20 at 47-51. Because Petitioner does not specifically object, the Court will adopt the R&R's findings of fact and conclusions of law and deny relief on this claim.

**G.   Claim 6: Denial of Right to Impartial Jury Trial Under the Fourteenth Amendment.**

Petitioner argues that he was deprived of his federal due process right to trial by

---

[1] Petitioner's liberty interest claim asserts that the Arizona Constitution requires that criminal felony or misdemeanor prosecution be made pursuant to an information or indictment.

- 12 -

1 impartial jurors on two grounds: (1) the jury pool was tainted by responses of prospective
2 jurors' answers to the Court's questioning during *voir dire*, and (2) the trial judge prevented
3 the defense from inquiring of each prospective juror whether, had the juror been in
4 Petitioner's shoes, the juror would have wanted someone like the juror to sit on the jury. The
5 R&R determined that the appeals court's rejection of the "tainted jury pool" argument and
6 denial of relief under the "juror like me" argument did not constitute unreasonable
7 applications of clearly established federal law. Doc. 17 at 52-53. Petitioner specifically
8 objects to each determination. Doc. 20 at 52, 54, 56.

9 As to the first issue, Petitioner asserts that the R&R discounted the corrosive effects
10 of juror statements and unreasonably concluded that Petitioner failed to show conclusively
11 "that the panel statements had caused these jurors to have a profound change of heart." *Id.*
12 at 54. Petitioner also contends that the R&R incorrectly concluded that "'no member ever
13 expressed an opinion about Petitioner's guilt or innocence, or any aspect of his case,'" and
14 points to two jurors (Woolridge and Duersch) whose excerpted statements were allegedly
15 highly inflammatory.[2] *Id.* at 56. Juror Woolridge was one of ten veniremen who self-
16 identified as a victim or relative of a victim of crime. Doc. 17 at 48. When this group was
17 asked by the court whether their experiences would render them unfair, Woolridge was the
18 only one who answered. *Id.* He responded: "[t]hat is a really hard question because it comes
19 to the point or what I ... think of a person who would do something like this to a child," and
20 "I feel that I'm fair and ... would look at what is really the truth, but maybe in my gut it's
21 like, no, *I want to blow you away*, you know, because *that kind of person doesn't deserve to*
22 *live*." *Id.* at 48:4-8 (alterations in original) (emphasis added). Petitioner excerpts the
23 emphasized text and argues that the statement is highly inflammatory and tainted the jury
24 panel. Doc. 20 at 56. Juror Duersch answered to Petitioner's *voir dire* about whether life

---

[2] Petitioner also asserts that Juror Boudrie "demanded that [Petitioner] 'prove' his innocence," and that such demand was "directly connected to the defendant's guilt." Doc. 20 at 56. Petitioner makes no showing that Boudrie accused Petitioner of being guilty in this case, and the citation to the R&R (Doc. 17 at 44:12-27) does not bear out such a proposition.

- 13 -

experiences would render him unfair as follows: "I feel that molestation is about *as low as you can go.* But if you present a good case and show me proof, I think I can tell right from wrong." Doc. 17 at 48:16-18 (emphasis added). Petitioner again excerpts only the emphasized text and argues that the statement is highly inflammatory and tainted the jury panel. Doc. 20 at 56. The Court is not persuaded that the excerpted comments, when viewed in the context of both the jurors' broader statements and a two-day *voir dire* (Doc. 17 at 43:14), had a substantial and injurious effect on the jury's verdict. *See Musladin v. Lamarque*, 555 F.3d 830, 834 ("On habeas review, we assess the prejudicial impact of most constitutional errors by asking whether they 'had substantial and injurious effect or influence in determining the jury's verdict.'" (citing *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993))).

On the "juror like me" question, Petitioner argues that the R&R merely speculated when it determined that "the question was redundant of other questions already asked." Doc. 20 at 52. Petitioner asserts that no basis for the prosecution's objection was articulated, no reasoning for sustaining was provided by the trial judge, the question was a valid question, the question "was arguably the most salient and bias-exposing question that can be asked during jury selection," and the trial court's ruling on the objection was an abuse of discretion that prejudiced Petitioner and violated his right to a fair trial. Doc. 20 at 52. Unlike the "tainted jury pool" argument that focuses on the bias of the venire as a whole, the "juror like me" argument asserts that Petitioner's counsel was precluded from assessing whether individual jurors were biased.

In *United States v. Baldwin*, 607 F.2d 1295 (9th Cir. 1979), the Ninth Circuit stated that reversal was required when "the trial judge so limits the scope of voir dire that the procedure used for testing does not create any reasonable assurances that prejudice would be discovered if present." *Id.* at 1298. Such error was reversible, the court reasoned, because "as a result of such error, the number of meaningful peremptory challenges or challenges for cause available to a defendant necessarily is reduced, and the inhibition of the right to challenge for cause or peremptorily is in that instance deemed to be prejudicial." *Id.*

1  (citations omitted). In *Baldwin*, the trial court refused to ask ten of eleven questions
2  submitted by the defendant, two of which the Ninth Circuit specifically called out:
3  (1) whether any juror would give greater weight to the testimony of a government officer by
4  virtue of the officer's position; and (2) whether any juror was acquainted with a witness in
5  the case. *Id.* at 1297.

6  This case is not close to *Baldwin*. Here, Petitioner asked the panel, "if you were the
7  defendant in this case, would you want somebody like yourself, with your life experience,
8  with your mindset, to be sitting as a juror in your case? Anybody here would prefer not to
9  have you if you were a juror?" Doc. 17 at 48:25-27. After the trial court sustained the
10 State's objection, Petitioner was permitted to rephrase as follows, "[a]nybody here, for any
11 reason, even if we haven't mentioned it – sometimes we don't mention the reason – is there
12 anybody here that can think of any reason at all why they can't be fair and impartial to both
13 sides of this case?" *Id.* at 49:1-5. No juror answered, and Petitioner ended his voir dire. *Id.*
14 In light of the facts and the controlling law, the Court finds that Petitioner had an adequate
15 opportunity to discover prejudice from the jury panel. Petitioner is not entitled to habeas
16 relief on this claim.

17 **H.    Claim 7: Denial of Due Process By Lowering Prosecution's Burden of Proof in Violation of the Fourteenth Amendment.**
18

19 Petitioner argues that the trial court's reasonable doubt instruction, modeled after *State*
20 *v. Portillo*, 898 P.2d 970 (Ariz. 1995), violates due process by lowering the prosecution's
21 burden of proof. The R&R determined that the *Portillo* instruction is constitutionally sound
22 and that the trial court did not violate clearly established federal law by giving it. Doc. 17
23 at 55. Petitioner objects on grounds that the R&R failed to address the cases he cited in
24 support of the unconstitutionality of the *Portillo* instruction. Doc. 20 at 60. Petitioner further
25 argues that the appeals court rooted its denial of Petitioner's claim in its powerlessness to
26 overrule the Arizona Supreme Court's *Portillo* opinion (and other opinions rejecting
27 constitutional challenges to *Portillo*) rather than on an independent analysis of federal law.
28 *Id.* at 61.

- 15 -

1   The *Portillo* instruction defining reasonable doubt reads as follows:

2       The state has the burden of proving the defendant guilty beyond a reasonable doubt. In civil cases, it is only necessary to prove that a fact is more likely true than not or that its truth is highly probable. In criminal cases such as this, the state's proof must be more powerful than that. It must be beyond a reasonable doubt.

    Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every doubt.

    If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find the defendant guilty. If, on the other hand, you think there is a real possibility that the defendant is not guilty, you must give him the benefit of the doubt and find the defendant not guilty.

Doc. 17 at 53-54 (citing to the record). Petitioner argues that the "firmly convinced" language reduced the prosecution's burden of proof from "beyond a reasonable doubt" to "clear and convincing," and was therefore reversible error on due process grounds. Doc. 20 at 60. The Court disagrees.

In *United States v. Soto*, 519 F.3d 927 (9th Cir. 2008), the Ninth Circuit stated the test for the constitutionality of a reasonable-doubt instruction as being "whether there is a reasonable likelihood that the jury understood the instructions to allow conviction based on proof insufficient to meet the requirements of due process." *Id.* at 932 (quoting *Ramirez v. Hatcher*, 136 F.3d 1209, 1211 (9th Cir. 1998)). The court further stated that the "challenged instruction is not examined in isolation; '[r]ather, taken as a whole, the instructions must correctly convey the concept of reasonable doubt to the jury.'" *Id.* (alteration in original) (citation omitted).

In *United States v. Orozco-Acosta*, 607 F.3d 1156 (9th Cir. 2010), the Ninth Circuit found an instruction similar to the instruction in this case to be "sufficient to ensure that the jurors understood 'their duty in the event they concluded that the evidence reasonably permitted a finding of either guilt or innocence.'" *Id.* at 1165-66 & n.8. The instruction in *Orozco-Acosta* read as follows:

    I've told you that the burden on the government is to prove this case beyond a reasonable doubt .... Let me tell you how the law defines that term.

- 16 -

> Proof beyond a reasonable doubt is proof that leaves you *firmly convinced* that the defendant's guilty. The government's not required to prove guilt beyond all possible doubt. Rather, a reasonable doubt is a doubt based on reason and common sense and not based purely on speculation or guesswork. Reasonable doubt may arise from a careful and impartial consideration of all the evidence or it may arise from a lack of evidence.
>
> If, after you've carefully and impartially considered the evidence in this case, you're not convinced beyond a reasonable doubt that the defendant is guilty, then you must find him not guilty.
>
> On the other hand, if, after you've weighed and considered everything carefully, you find yourselves convinced beyond a reasonable doubt that the defendant's guilt has been shown, then it is your duty to find him guilty.

*Id.* at 1166 n.8 (emphasis added). Moreover, in *United States v. Velasquez*, 980 F.2d 1275 (9th Cir. 1992), the Ninth Circuit concluded that "[c]onsidering the instruction given as a whole, the use of 'firmly convinced' language did not indicate to the jury that the prosecutor had a lesser burden than that implied by the use of the term 'reasonable doubt' standing alone."[3] *Id.* at 1278.

The Court rejects Petitioner's argument that, as a matter of federal constitutional law, "[t]he statement, '[p]roof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty,' is identical to the lesser standard of clear and convincing evidence" (Doc. 20 at 61:8-11 (citations omitted)). Accordingly, Petitioner is not entitled to habeas relief on this claim.

---

[3] Although the defendant in *Velasquez* had objected to the jury instruction, the court remarked that its holding is aligned with *United States v. Bustillo*, 789 F.2d 1364, 1368 (9th Cir. 1986), where the Ninth Circuit concluded that the use of "firmly convinced" language was not plain error. Counsel here did not object to the jury instruction, thereby making *Bustillo* controlling. Because Petitioner also raises the failure to object as a separate ineffective assistance of counsel claim, see above, the Court's judgment would not change in light of *Velasquez* had counsel objected and had the trial court overruled the objection.

- 17 -

**IT IS ORDERED** that Petitioner's request for habeas relief (Doc. 1) is **denied**.

DATED this 10th day of February, 2011.

David G. Campbell
United States District Judge